UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Travis Marquis Hunt, | ) | C/A No. 6:25-cv-12832-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Greenville County Sheriffs Department, Greenville | ) | |
| County Detention Center, Bodiford, Barllet, | ) | |
| Collins, Salido, Ethen J. Gray, DSS/Family Court, | ) | |
| John Greyor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging Defendant violated his rights under the United States Constitution. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center ("GCDC"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. By Order dated October 10, 2025, the Court notified Plaintiff that the Complaint was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 11. The Court noted, however, that Plaintiff may be able to cure

the pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id*. at 25. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 26 (emphasis omitted). Plaintiff was also warned that an amended complaint would replace all prior complaints and should be complete in itself and that any amended complaint would be subject to further review by the Court pursuant to 28 U.S.C. §§ 1915 and 1915A. *Id*. The Court's Order along with a blank standard complaint form were mailed to Plaintiff on October 10, 2025. ECF No. 12. On October 24, 2025, Plaintiff filed a hand-written document that is construed as the Amended Complaint. ECF No. 13. This matter is therefore before the Court for a review of Plaintiff's Amended Complaint in accordance with 28 U.S.C. §§ 1915 and 1915A.

**Factual Allegations[1]**

### *The Original Complaint*

Plaintiff makes the following allegations in the original Complaint. ECF No. 1. As to the basis for his claims, Plaintiff alleges he was wrongfully arrested, taken from his home, imprisoned,

---

[1] An amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). Nevertheless, out of an abundance of caution and in order to give liberal construction to the claims alleged, the Court considers the allegations from both of Plaintiff's pleadings. The core allegations in each pleading are substantially the same, and, as discussed below, these pleadings (read either separately or in conjunction) fail to present allegations to state a plausible claim for relief.

deprived of knee replacement, injured his knee in jail, officers failed to get a search warrant and entered his house illegally, and Plaintiff was held without bond for 90 plus days. *Id.* at 4. Plaintiff contends he was subject to discrimination and racial profiling during a wrongful "non-traffic stop," and officers "got the wrong individual." *Id.* Plaintiff asserts that his imprisonment has caused him to fall behind on his bills and lose his house, his car, his family, his sanity, and everything. *Id.*

Plaintiff alleges that he was wrongly arrested and charged with kidnaping, resisting arrest, driving under suspension, failure to stop for blue lights. *Id.* at 5. Plaintiff contends he was wrongly arrested on June 23, 2023, May 12, 2024, and June 11, 2025. *Id.* Plaintiff's knee was injured in jail on August 25, 2025. *Id.*

For his injuries, Plaintiff contends he suffered a knee and shoulder injury and needs a knee replacement. *Id.* at 6. Plaintiff asserts that "they refuse to treat me properly [and] they ignore the grievances." *Id.* Plaintiff is incarcerated without bond. *Id.* Plaintiff alleges officers took his vehicles and have failed to replace them or pay for damages for kicking in his door. *Id.* For his relief, Plaintiff seeks $5 million in damages for damage to his home, for a knee replacement, for his wrongful arrests, for his humiliation, and for his wrongful imprisonment. *Id.* Plaintiff contends that he also brings claims related to family court proceedings, that he was never allowed DNA testing, and he is being forced to pay child support. *Id.*

### *Amended Complaint*

Plaintiff makes the following allegations in his hand-written Amended Complaint. ECF No. 13. Plaintiff's Amended Complaint is divided into various sections based on the charges asserted against him in the state court. As to case number 22000089180, Plaintiff contends he was racially targeted, wrongfully arrested, humiliated, treated unfairly, that his rights were violated, and that the officers lied in their reports. *Id.* at 1. Plaintiff contends that he "had to plea to charges

3

to get out of jail that [he] was not guilty of," that his car was impounded, that his license was suspended, and that he lost his job. *Id.* Plaintiff asserts he was charged with a bogus charge and that he had to plea to a lesser charge to get out of jail. *Id.*

Regarding case number 22000151009, Plaintiff contends that "you can hear officer speaking about this incident on the police camera footage around the 4 to 8 min[ute] mark on the present video that took place on 6-11-25." *Id.* at 2. The officer stated on the video that Plaintiff fled from him in a traffic stop. *Id.* Plaintiff contends that the officer lied in his report. *Id.* Plaintiff alleges that he had to pled guilty to charges that he is not guilty of in order to get out of jail. *Id.* at 3. Plaintiff alleges that he was wrongfully arrested, wrongfully jailed, and discriminated against. *Id.*

As to case number 250977065, Plaintiff contends that he is still currently being jailed from the incident giving rise to that charge. *Id.* at 4. Plaintiff contends officers used excessive force, endangering Plaintiff and his girlfriend and her 5-year-old daughter. *Id.* Plaintiff asserts, "they used over 200 police officers for a minor traffic incident where they mistakenly arrested the wrong person and targeted the wrong minority as they discriminated against me." *Id.* Plaintiff makes numerous other cursory allegations concerning the events giving rise to the charges at case number 250977065. *Id.* at 4–9.

Plaintiff asserts he was harassed on three separate occasions and that the police followed him home and took him to jail because he was scared to stop on an open road. *Id.* at 10. Plaintiff contends he was incarcerated under false pretenses and subject to wrongful arrest, causing him to need a knee replacement. *Id.*

4

*Plaintiff's State Court Charges*

The Court takes judicial notice[2] that Plaintiff has been charged with the following crimes that are pending in the Greenville County Court of General Sessions:[3] (1) kidnapping at case number 2025A2330205829 (indictment number 2025GS2305586); (2) kidnapping at case number 2025A2330205830 (indictment number 2025GS2305585); (3) failure to stop for a blue light at case number 2025A2330205831 (indictment number 2025GS2305588); (4) driving under suspension at case number 2025A2330205832; (5) resisting arrest at case number 2025A2330205833 (indictment number 2025GS2305587); (6) failure to return license plate and registration upon loss of insurance at case number 2025A2330205834; (7) uninsured motor vehicle fee violation at case number 2025A2330205835; and (8) reckless driving at case number 2025A2330205836.  *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Dec. 1, 2025).

## STANDARD OF REVIEW

**Review and Liberal Construction of *Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a

---

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] Plaintiff has previously been charged with numerous other crimes for which he was convicted.  The Court does not identify those charges or convictions herein.

5

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

6

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

**Requirements to State a Claim under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Deliberate Indifference Standard**

A pretrial detainee's claims related to inadequate medical care are governed by the Fourteenth Amendment rather than the Eighth Amendment.  *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (citing *Martin v. Gentile*, 849 F.2d 863 (4th Cir. 1988)).  As the United State Court of Appeals for the Fourth Circuit held:

> To state a claim for deliberate indifference to a medical need, the specific type of deliberate indifference claim at issue in this case, a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023).  "Objectively, the inmate's medical condition must be 'serious' — 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).  "[M]ere delay" in medical treatment, without more, is not deliberate

inference to a serious medical need. *Moskos v. Hardee*, 24 F. 4th 289, 298 (4th Cir. 2022). Differences of opinion between an inmate patient and medical staff over the course of medical treatment are insufficient to state a claim of deliberate indifference. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (finding inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and the medical personnel does not rise to the level of a constitutional violation). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999); *see also Short*, 87 F.4th at 611–12 ("[I]t is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee.") (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015); *Brawner*, 14 F.4th at 596; *Gordon*, 888 F.3d at 1125; *Miranda*, 900 F.3d at 353–54).

## DISCUSSION

To give liberal construction to the pleadings, the Court considers the allegations from Plaintiff's original Complaint in addition to the Amended Complaint. Upon consideration of Plaintiff's submitted pleadings, the Court concludes that the claims presented in this case are subject to dismissal for the following reasons.

**Defendants Entitled to Dismissal**

All Defendants named in this action are entitled to summary dismissal for the reasons below. The original Complaint is less-than-clear as to who Plaintiff intends to name as Defendants. Plaintiff's Amended Complaint fails to identify any specific Defendants he intends to sue. To state a claim for relief pursuant to 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a *person* acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

9

### *Greenville County Sheriff's Office*

The Greenville County Sheriff's Office cannot be sued under § 1983 because it is not a person. *Strickland v. Spartanburg Cnty. Sheriff's Off.*, C/A No. 6:17-cv-3263-MGL-KFM, 2018 WL 1801200, at *2 (D.S.C. Mar. 29, 2018), *R&R adopted by* 2018 WL 1795351 (D.S.C. Apr. 16, 2018). It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-cv-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons); *Green v. Murdaugh*, C/A No. 5:12-cv-1086-RMG-KDW, 2012 WL 1987764, *2 (D.S.C. May 07, 2012), *adopted by* 2012 WL 1987259 (D.S.C. June 04, 2012) (dismissing because police department was not subject to suit under § 1983). Therefore, the Greenville County Sheriff's Office is subject to dismissal from this action because the plaintiff fails to state a § 1983 claim against it.

### *Greenville County Detention Center*

Plaintiff's claims against the Greenville County Detention Center ("the DetentionCenter") are subject to summary dismissal as this Defendant also is not a person amenable to suit under 42 U.S.C. § 1983. *Rodgers v. Spartanburg Cnty. Det. Ctr.*, C/A No. 5:23-cv-161-SAL-KDW, 2023 WL 6542256, at *2 (D.S.C. Mar. 17, 2023), *R&R adopted by* 2023 WL 6541315 (D.S.C. Oct. 6, 2023). The Greenville County Detention Center "is a group of buildings or a facility. Inanimate

objects—such as buildings, facilities, and grounds—do not act under color of state law. Hence, the [Greenville] County Detention Center is not a 'person' subject to suit under 42 U.S.C. § 1983." *Segraves v. Spartanburg Cnty. Det. Ctr.*, C/A No. 3:08-cv-3855-HFF-JRM, 2009 WL 87434, at *2 (D.S.C. Jan. 9, 2009). Therefore, the Greenville County Detention Center is entitled to dismissal from this action.

### Bodiford, Barllet, Collins, Salido

In the original Complaint, Plaintiff lists as Defendants "Bodiford, Barllet, Collins, Salido" (the "Admin Defendants"), who are all identified as the "Greenville County Detention Center Admin." ECF No. 1 at 2. Plaintiff makes no specific allegations against these Defendants and has failed to state a claim for relief against them.

Plaintiff appears to have named the Admin Defendants because of their supervisory roles over the Detention Center. To the extent Plaintiff bases his claims against the Admin Defendants on the theory of supervisory liability, his claims are without merit. Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in her individual capacity only for her personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there

11

was an "affirmative causal link" between the supervisor's inaction
and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted).  Plaintiff has failed to state a § 1983 claim against the Admin Defendants

based on a theory of supervisory liability because Plaintiff has failed to allege that any of them had

actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct

that posed a risk of injury to inmates like Plaintiff.  For these reasons, the Admin Defendants are

entitled to dismissal from this action.  *See Oneal v. Fenner*, C/A No. 6:24-cv-6284-DCC-WSB,

2024 WL 5514974, at *3–4 (D.S.C. Dec. 5, 2024), *R&R adopted by* 2025 WL 1080932 (D.S.C.

Apr. 10, 2025).

To the extent Plaintiff intends to assert claims against the Admin Defendants in their

individual capacities, they are entitled to dismissal because Plaintiff makes no substantive

allegations against them in the body of the Complaint.  *See Potter v. Clark*, 497 F.2d 1206, 1207

(7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant

and the complaint is silent as to the defendant except for his name appearing in the caption, the

complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-

cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was

subject to summary dismissal where plaintiff made no factual allegations against the named

defendants within the body of the pleading).

### Ethan J. Gray

Plaintiff lists Ethan J. Gray ("Gray") as a Defendant in the original Complaint and identifies

him as an internal affairs officer with the Sheriff's Office.  ECF No. 1 at 3.  Gray is entitled to

dismissal because Plaintiff makes no substantive allegations against him in the body of the

Complaint.  The Complaint, even liberally construed, contains no specific allegations of

wrongdoing against Gray, and thus no plausible claim is stated against him. *See Potter*, 497 F.2d at 1207; *Newkirk*, 2014 WL 4072212, at *2. In the absence of substantive allegations of wrongdoing against Gray, or any other individual Defendant, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against him. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim). To the extent Plaintiff has alleged facts against any of the named Defendants, they are all entitled to dismissal for the additional reasons explained herein.

### DSS

Plaintiff's original Complaint purports to sue DSS and/or the Family Court. ECF No. 1 at 3. DSS is not amenable to suit under 42 U.S.C. § 1983 because, as a state agency, it is not a "person" subject to liability under § 1983. *See, e.g., Garcia v. Lott*, C/A No. 3:21-cv-2780-JMC-PJG, 2022 WL 3239539, at *3 (D.S.C. Jan. 19, 2022) (explaining DSS is not a "person" amenable to a suit for damages under § 1983), *R&R adopted by* 2022 WL 3230086 (D.S.C. Aug. 9, 2022); *Stroman v. York Cnty. Dep't of Soc. Servs.*, C/A No. 0:18-cv-1632-JMC-PJG, 2019 WL 498387, at *4 (D.S.C. Feb. 8, 2019) (same). Accordingly, DSS is entitled to dismissal from this action.[4]

---

[4] DSS is also immune from suit under the Eleventh Amendment to the United States Constitution, which states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also Dowling v. State of S.C.*, C/A No. 0:06-cv-1309-PMD-BM, 2006 WL 1751742, at *2 (D.S.C. June 20, 2006). As such, absent the state's waiver or consent, the Eleventh Amendment bars suit directly against a state such as South Carolina or its agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that DSS, as an arm of the state, is immune from a suit for damages under the Eleventh Amendment. *See Coffin v. South Carolina Dept. of Soc. Servs.*, 562 F.Supp. 579, 583 (D.S.C. 1983) (holding that DSS is a state

13

*See Woods v. SC Dep't of Soc. Servs.*, C/A No. 6:23-cv-4812-HMH-JDA, 2023 WL 7224542, at *5 (D.S.C. Oct. 11, 2023), *R&R adopted by* 2023 WL 7222667 (D.S.C. Nov. 2, 2023).

Additionally, the Family Court is not a person subject to suit under § 1983. And any judges of the family court are entitled to judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Because Plaintiff's claims against any family court judges relate to their judicial actions taken in a family law matter, which is within their court's jurisdiction, they are entitled to absolute immunity. Accordingly, Plaintiff's claims against the family court should be summarily dismissed. *Jackson v. Hayes*, C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to setting bond were subject to dismissal based on judicial immunity), *R&R adopted by* 2020 WL 4548412 (D.S.C. Aug. 6, 2020).

### *John Gregory*

Plaintiff's original Complaint lists John Gregory ("Gregory") as a Defendant and identifies him as being with the Solicitor's Office. ECF No. 1 at 3. Gregory is entitled to prosecutorial

---

agency and therefore entitled to Eleventh Amendment immunity); *Jeter v. Harris*, No. 0:07-cv-00857-GRA-BM, 2007 WL 1795788, at *2 (D.S.C. June 19, 2007); *Garcia v. S.C. Dep't of Soc. Servs.*, C/A No. 3:24-cv-682-MGL-SVH, 2024 WL 898863, at *2 (D.S.C. Mar. 1, 2024) ("DSS is immune from suit under the Eleventh Amendment to the United States Constitution."), *R&R adopted by* 2024 WL 4601359 (D.S.C. Oct. 29, 2024).

immunity. Plaintiff appears to sue Gregory for actions associated with the proceedings resulting in his arrest and continued detention. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims relate to actions taken by Gregory as the Solicitor in connection with the judicial proceedings, such claims are barred by prosecutorial immunity and are subject to summary dismissal. *Moore v. Young*, C/A No. 1:24-cv-458-JFA-SVH, 2024 WL 1445789, at *2 (D.S.C. Mar. 4, 2024), *R&R adopted by* 2024 WL 1444621 (D.S.C. Apr. 3, 2024).

**Failure to State a Claim**

Plaintiff's pleadings fail to allege facts to state a claim for relief. Liberally construed, the original Complaint appears to assert four claims—(1) a claim for deprivation of personal property, (2) a claim for unlawful arrest and/or false imprisonment; (3) a claim related to Plaintiff's DSS/family court proceedings, and (4) a claim for deliberate indifference to Plaintiff's serious medical needs. Plaintiff's Amended Complaint appears to assert similar claims, but focuses primarily on his convictions for certain charges and ongoing incarceration on pending charges. Plaintiff's allegations are insufficient to establish any claim for the reasons below.

### *Deprivation of Personal Property*

Plaintiff alleges that officers took his vehicles and never returned them. ECF No. 1 at 5. Plaintiff contends he has lost his vehicles and his home. *Id*. at 4. Plaintiff also asserts officers damaged his home, including damage from kicking in the door. *Id*. at 6. Plaintiff's Amended Complaint asserts similar allegations. ECF No. 13 at 11.

15

Deprivations of personal property do not support actions for damages under § 1983. *See Baker v. Stevenson*, C/A No. 8:13-cv-466-JFA-JDA, 2013 WL 4866337, at *1 (D.S.C. Sept. 11, 2013). This is so because negligence, in general, is not actionable under § 1983. *See Pink v. Lester*, 52 F.3d 73, 75–78 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Section 1983 does not impose liability for violations of duties of care arising under state law as "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989). The United States Court of Appeals for the Fourth Circuit has held that a random and unauthorized deprivation of personal property by a state official does not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005). Instead, the availability of a state cause of action for an alleged loss of property provides adequate procedural due process; in other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See Yates v. Jamison*, 782 F.2d 1182, 1184 (4th Cir. 1986) ("[A] government official's random and unauthorized act, whether intentional or negligent, which causes the loss of private property is not a violation of procedural due process when the state provides a meaningful post-deprivation remedy.").

South Carolina law provides post-deprivation procedures to secure the return of personal property or to compensate for the loss. *See, e.g.*, *Drake v. Brown*, C/A No. 6:09-cv-1449-JFA-WMC, 2009 WL 1749375, at *2 (D.S.C. June 22, 2009) (citing *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (finding South Carolina's post-deprivation remedy under S.C. Code Ann. § 15-69-10, *et seq.* sufficient to satisfy due process requirements)); *see also Mosley v. Scarcella*, C/A

16

No. 1:19-cv-1550-RMG-SVH, 2019 WL 4280129, at *2 (D.S.C. June 19, 2019), *R&R adopted by* 2019 WL 3406612 (D.S.C. July 29, 2019).  Further, an unauthorized deprivation of property by a state employee, even if *intentional*, "does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available."  *Hammond v. Dean*, C/A No. 3:07-cv-654-SB, 2007 WL 3002362, at *2 (D.S.C. Oct. 9, 2007) (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)).  Thus, even if Plaintiff could show that Defendants unlawfully took Plaintiff's property, Plaintiff has a remedy under South Carolina law to obtain relief in state court.  *See Hudson*, 468 U.S. at 530–36 (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230–31 (finding that the state courts were open to the plaintiff for claims of conversion or trespass to chattels and finding no reason to think that the state process was constitutionally inadequate); *Samuel v. Ozmint*, C/A No. 3:07-cv-178-PMD-JRM, 2008 WL 512736, at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-cv-3392-PMD-GCK, 2007 WL 2288123, at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss).  Because Plaintiff can bring an action in the South Carolina state courts to remedy the loss of his property, any § 1983 claims based on the deprivation of his property fails to state a claim upon which relief may be granted.

### Unlawful Arrest and False Imprisonment

The crux of this action is premised on Plaintiff's assertions that he was wrongfully arrested, falsely imprisoned, and denied bond.  Plaintiff's allegations are construed as asserting violations of the Fourth Amendment for an unlawful search and seizure resulting in his arrest.  "When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth

17

Amendment." *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024

WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25,

2024). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const.

amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest

or false imprisonment, a plaintiff must show that a seizure was effected without probable cause.

*See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367

(4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-*

*Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest, false

imprisonment, or malicious prosecution unless the officer lacked probable cause.[5] *See Street v.*

*Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974).

"The Fourth Amendment is not violated by an arrest based on probable cause." *Graham v.*

*Connor*, 490 U.S. 386, 396 (1989). It is well settled that "an indictment, fair upon its face, returned

by a properly constituted grand jury, conclusively determines the existence of probable cause."

*Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted); *see also*

*Provet v. South Carolina*, C/A No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June

---

[5] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment. To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause." *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023). "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted).

25, 2007) (concluding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment). Plaintiff has been indicted on charges of kidnapping, resisting arrest, and failure to stop for a blue light, which he complains of in the Complaint, and the indictments conclusively determine the existence of probable cause as to those indicted charges. *See, e.g.*, *Kaley v. United States*, 571 U.S. 320, 328 (2014) ("[A]n indictment 'fair upon its face,' and returned by a 'properly constituted grand jury,' we have explained, 'conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged." (citations omitted)); *Smith v. Munday*, 848 F.3d 248, 255 (4th Cir. 2017) ("By law, 'an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'" (citations omitted)); *Norton v. Tabron*, 727 F. App'x 762, 765 (4th Cir. 2018) (affirming dismissal of the plaintiff's Fourth Amendment claims because the grand jury indictments against him "conclusively determine[d] the existence of probable cause" to support his arrest and prosecution). Plaintiff's claim that he was subjected to an unlawful arrest is without merit because the indictments establish probable cause.

To the extent that Plaintiff's allegations are construed as a claim for malicious prosecution, any such claim also fails. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

19

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. As such, any malicious prosecution claim fails.

Plaintiff's original Complaint presents a bald assertion that he was denied bond. ECF No. 1 at 4–5. It is unclear if Plaintiff is asserting a claim for the denial of bond. Even if he had, any such claim is without merit. The Eighth Amendment, made applicable to the states through the Fourteenth Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see also Grimes v. Pszczolkowski*, C/A No. 1:14-cv-13, 2015 WL 144619, at *22 (N.D.W. Va. Jan. 12, 2015). "However, the United States Constitution does not establish an absolute right to bail, nor does federal statutory law provide a right to bail in state criminal cases." *Odom v. Smalls*, C/A No. 3:09-cv-0629-PMD, 2009 WL 3805594, at *3 (D.S.C. Nov. 12, 2009). "The Eighth Amendment addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.' This Clause, of course, says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987). Plaintiff has been denied bond on his pending charges. Accordingly, "Plaintiff has no federal right to be released on bond," and his claims against Defendants concerning the denial of his bond therefore must fail. *Odom*, 2009 WL 3805594, at *3 (emphasis omitted); *see also Zikomo v. Johnson*, C/A No. 6:22-cv-1471-DCC-JDA, 2022 WL 5261227, at *8 (D.S.C. June 7, 2022), *R&R adopted by* 2022 WL 5250237 (D.S.C. Oct. 6, 2022), *aff'd*, No. 22-7260, 2023 WL 5624557 (4th Cir. Aug. 31, 2023).

***Claims Barred by Heck***

Plaintiff's Amended Complaint challenges certain charges, to which he plead guilty, as unlawful. To the extent Plaintiff seeks release from incarceration, release from prison is not available in a civil rights action brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser*, 411 U.S. at 487–88 (attacking the length of duration of confinement is within the core of habeas corpus).

Plaintiff's claims seeking damages based on his alleged unlawful confinement and/or conviction for charges to which he pled guilty are premature because Plaintiff's convictions have not been invalidated. In *Heck*, the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 481. Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

21

The *Heck* holding applies to this case. Plaintiff alleges that he pled guilty to certain charges that he contends were improper. ECF No. 13 at 1–4. Plaintiff does not allege that his convictions have been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's § 1983 claims would imply that Plaintiff's criminal convictions were invalid. Thus, such claims in this § 1983 action should be dismissed because a right of action has not accrued.

### *Younger* Abstention

Further, Plaintiff's allegations challenge certain underlying criminal proceedings pending against him and his present incarceration at the Greenville County Detention Center. Such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing

state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).

### *Claims against DSS and/or Family Court*

Although it is unclear, Plaintiff may be asserting a claim against DSS and/or the family court for certain proceedings in the family court. Plaintiff asserts as follows in his original Complaint:

> Family Court – look – never allowing DNA test, wrongful arrest, didn't follow procedures since I was put on child support.

ECF No. 1 at 6. It is unclear what specific claims Plaintiff is asserting, but he appears to allege that he was unable to provide evidence of DNA testing relevant to a family court proceeding and he complains of child support obligations.

To the extent Plaintiff is asserting, for example, a due process claim, his cursory allegations are insufficient to survive initial review. *See, e.g., Smith El-Bey v. Moore Cnty. Det. Ctr.*, C/A No. 1:22-cv-1004, 2023 WL 12091238, at *12 (M.D.N.C. Dec. 27, 2023) ("Coupled with the scarcity of facts provided, Plaintiff has not sufficiently alleged facts to state a plausible constitutional violation."), *R&R adopted by* 2024 WL 5706661 (M.D.N.C. Feb. 28, 2024). Plaintiff does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an actionable § 1983 claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-

00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

To the extent Plaintiff's pleadings are an attempt to circumvent rulings already made by the South Carolina family court, any such claims are without merit under the *Rooker-Feldman* doctrine, which precludes this Court from reviewing findings or rulings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends not only to issues actually decided by a state court, but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc.*

25

(Pinewood) v. Wyche, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition includes constitutional challenges. See Curley v. Adams Creek Associates, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005):

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Id. at 284; see also Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006) ("Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply."). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. Exxon, 544 U.S. at 283; see also 28 U.S.C. § 1257. Thus, Plaintiff's claims challenging any rulings made by the South Carolina family courts should be summarily dismissed.

Additionally, to the extent Plaintiff's claims seek relief related to any currently pending state family court proceedings, they are not properly before this Court based on the Younger abstention doctrine. Because a federal court may not award relief that would affect pending state court proceedings absent extraordinary circumstances, this Court should abstain from interfering with any ongoing DSS proceedings or any other proceedings involving Plaintiff in the state family court. Because Plaintiff appears to be involved in ongoing state family court proceedings, a ruling in Plaintiff's favor in this case that would call into question the validity of the state court proceedings or would significantly interfere with those ongoing state proceedings. See Younger,

26

401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted). This Court finds that Plaintiff can adequately litigate his federal constitutional rights in any ongoing state family court proceedings. Thus, this Court should abstain from adjudicating Plaintiff's claims related to any child support and/or domestic or custody action pending in the family court. *See Dawkins v. Staley*, C/A No. 1:22-cv-299, 2023 WL 1069745, at *5 (M.D.N.C. Jan. 27, 2023) (applying *Younger* abstention doctrine where the plaintiff was "subject to an ongoing child support order"); *Briggman*, 526 F. Supp. 2d at 604 (explaining the plaintiff's federal law claims were barred by the *Younger* abstention doctrine to the extent he was involved in state court proceedings for non-payment of child support).

### Deliberate Indifference

Plaintiff has failed to allege facts to support a claim for deliberate indifference. Plaintiff alleges he suffered a knee and shoulder injury and needs a knee replacement. ECF No. 1 at 5–6. However, Plaintiff has not identified any individual responsible for his injuries and/or his medical care and treatment. *Bennett v. Nix*, C/A No. 4:18-cv-2781-JMC-TER, 2020 WL 608348, at *6 (D.S.C. Jan. 7, 2020) ("While non-medical personnel may be liable for medical indifference if they 'were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's misconduct,' . . . no such [allegations] exist here." (citation omitted)), *R&R adopted by* 2020 WL 607206 (D.S.C. Feb. 7, 2020). Because Plaintiff has not identified, in either his original Complaint or his Amended Complaint, any

27

individual responsible for the alleged denial of medical care—or who is responsible for his injuries—his deliberate indifference claim fails, as would any claim for excessive force.

Plaintiff's allegations fail to state a claim for relief as he does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an actionable § 1983 claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th

Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

As such, Plaintiff's cursory allegations, as presented in both of his pleadings, are insufficient to establish a claim of constitutional magnitude for deliberate indifference to a serious medical need.  And, despite being given an opportunity to amend his original Complaint, Plaintiff's Amended Complaint fails to identify any individual responsible for his injuries or his alleged deficient medical care.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action without further leave to amend and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

December 2, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).